UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REBECCA GALLARDO, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00213 |
| | § | |
| TIMOTHY K SINGLEY, *et al*, | § | |
| | § | |
|     Defendants. | § | |

## ORDER

Before the Court are two motions: (1) Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) and 12(b)(5) (D.E. 21), filed by Ricky Ray Bilbrey (Bilbrey); and (2) Motion to Dismiss Un-Served Defendants Pursuant to Fed. R. Civ. P. 4 (D.E. 22) filed by Chartis Claims, Inc., Chartis Insurance Agency, Inc., and Bilbrey seeking dismissal of claims against DeJona W. Ray (Ray), Bilbrey, and The Insurance Company of the State of Pennsylvania (ICSOP). For the reasons stated below, the Motions (D.E. 21 and 22) are GRANTED.

## FACTS

Plaintiff, Rebecca Gallardo (Gallardo) acting *pro se*, filed this lawsuit on July 2, 2012 against a number of defendants, including Bilbrey, Ray, and ICSOP. Pursuant to Fed. R. Civ. P. Rule 4(m), Gallardo had 120 days or until October 30, 2012 to serve the defendants. On September 26, 2012, Gallardo sought and obtained an Order (D.E. 15) extending the deadline for service of summons until November 5, 2012. On that deadline, Gallardo caused to be filed a Return of Service stating that Bilbrey had been

served on November 2, 2012.  D.E. 20.  To date, there is no indication that service has been attempted on Ray or ICSOP.

## DISCUSSION

**A. Bilbrey's Rule 12(b) Motion.**

According to Bilbrey's Motion (D.E. 21), he was not actually served with summons as stated in the Return (D.E. 20).  Instead, he declares that he was served with a Notice of a Lawsuit and Request to Waive Service of a Summons (D.E. 21-2, 21-3).  Bilbrey asserts that this alleged service is insufficient to support this Court's exercise of personal jurisdiction over him.  Gallardo, who is now represented by counsel (D.E. 24), has not filed any response to this Motion.

Pursuant to Local Rule 7.3, motions will be submitted to the Court 21 days from filing.  The Motion was filed on November 21, 2012 and its submission date was December 12, 2012.  Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition to the relief sought.  Nevertheless, the Court has reviewed the Motion (D.E. 21) and the evidence submitted in support.

The Court agrees that service of summons (not a request to waive summons) is required in order to exercise personal jurisdiction over Bilbrey.  *E.g., Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002).  The Court finds that service of summons was not accomplished by the extended deadline date.  Consequently, the Court GRANTS Bilbrey's Rule 12(b) Motion to Dismiss (D.E. 21).  All claims against Ricky Ray Bilbrey are hereby DISMISSED for failure of service and, thus, want of personal jurisdiction.

### B. Motion to Dismiss Un-Served Defendants.

Defendants assert that Ray and ICSOP (as well as Bilbrey) were never served with summons. D.E. 22. The record does not reflect a return of service for Ray and ICSOP. This Motion was also filed on November 21, 2012 and its submission date was December 12, 2012. Again, Gallardo failed to respond and, pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition to the relief sought. Again, the Court has nevertheless reviewed the Motion (D.E. 22) and the record to determine if relief is appropriate. Finding the record devoid of any indication that Gallardo has served Ray and ICSOP with summons, the Court GRANTS the Motion (D.E. 22). All claims against Dejona W. Ray and The Insurance Company of the State of Pennsylvania are hereby DISMISSED for failure to effectuate service of summons under Fed. R. Civ. P. 4.

## CONCLUSION

For the reasons stated above, the claims against Ricky Ray Bilbrey, Dejona W. Ray, and The Insurance Company of the State of Pennsylvania are DISMISSED WITHOUT PREJUDICE.

ORDERED this 18th day of December, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE